IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILMINGTON SAVINGS FUND
SOCIETY, FSB, D/B/A CHRISTIANA
TRUST AS OWNER TRUSTEE OF THE
RESIDENTIAL CREDIT
OPPORTUNITIES TRUST V,

    Plaintiff,

v.                                                                                                      Civ. No. 20-217 KG/LF

REBECCA D. CLAY, JASON C. CLAY, and
SARAH MITCHELL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This is a mortgage foreclosure case filed against *pro se* Defendants Rebecca D. Clay and Jason C. Clay (collectively, Borrowers), and against *pro se* Defendant Sarah Mitchell, holder of a judgment lien who may have an interest in the property at issue.[1] The Court notes that it has diversity jurisdiction over Borrowers under 28 U.S.C. § 1332(a) and supplemental jurisdiction over Defendant Mitchell under 28 U.S.C. § 1367(a) and (b).

In March and April 2020, Plaintiff served the Complaint for Foreclosure on Defendants but they "failed to plead or otherwise defend…."[2] *See* Fed. R. Civ. P. 55(a); (Docs. 4-6).

---

[1] The Court acknowledges that it must liberally construe the filings of a *pro se* litigant and hold that litigant "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* litigant "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Moreover, the Court does not "assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110.

[2] Defendants had 21 days after service of the summons and Complaint for Foreclosure to serve an answer or to file a Fed. R. Civ. P. 12(b) motion to dismiss. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) and 12(b).

Consequently, on July 9, 2020, the Clerk entered a default against Defendants pursuant to Rule 55(a). (Doc. 9). Then, on July 31, 2020, Plaintiff filed the instant Plaintiff's Motion for Default Judgment Against All Defendant to Pursue Foreclosure (Motion for Default Judgment). (Doc. 11). "To the extent that any of the Defendants cure their default, this motion is alternatively submitted as a motion for summary judgment pursuant to Fed. R. Civ. P. 56." *Id.* at 1 n. 1.

On August 11, 2020, Defendant Jason Clay filed a "Motion to Dismiss." (Doc. 12). On August 25, 2020, Plaintiff filed a timely response to the Motion to Dismiss as well as a timely reply to the Motion for Default Judgment, assuming the Court construes the Motion to Dismiss as a response to the Motion for Default Judgment. (Docs. 14 and 15). The substance of Plaintiff's response and reply is the same. The Court, indeed, construes the Motion to Dismiss as a response to the Motion for Default Judgment. Accordingly, the Court will refer to Plaintiff's reply in deciding the Motion for Default Judgment.

On October 7, 2020, Plaintiff also filed a notice of supplemental authority. (Doc. 16). Finally, on October 9, 2020, Plaintiff filed "Plaintiff's Notice of Submission of Form of Order on Plaintiff's Motion for Default Judgment Against All Defendants to Pursue Foreclosure." (Doc. 17). The Motion for Default Judgment is now fully and timely briefed. Having considered the briefing, the controlling law, and for the following reasons, the Court grants the Motion for Default Judgment. The Court also denies the Motion to Dismiss because the Court construes it as a response to the Motion for Default Judgment.

In light of Defendant Jason Clay's opposition to the Motion for Default Judgment, the Court will analyze first whether it should set aside the Clerk's entry of default. If the Court determines not to set aside the Clerk's entry of default, then the Court will analyze whether Plaintiff is entitled to summary judgment.

*I. Whether to Set Aside the Clerk's Entry of Default*

Under Rule 55(c), a court may set aside a Clerk's entry of default for good cause. The principal factors in determining whether a defendant has met the good cause standard include: (1) whether the default was the result of culpable conduct by the defendant; (2) whether setting aside the default will prejudice the plaintiff; and (3) whether the defendant presents a meritorious defense. *Pinson v. Equifax Credit Info. Services, Inc.,* 316 Fed. Appx. 744, 750 (10th Cir. 2009) (setting forth factors for determining good cause under Rule 55(c)). "The defaulting party has the burden of proving that the default … should be set aside." *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987).

Defendant Jason Clay opposes the Clerk's entry of default and the Motion for Default Judgment for two reasons. First, Defendant Jason Clay asserts that the Coronavirus Aid, Relief, and Economic Security (CARES) Act prohibits lenders and servicers "from finalizing a foreclosure judgment or sale" through August 31, 2020. (Doc. 12) at 1. Second, Defendant Jason Clay contends that he "is exercising [his] right to Economic Hardship Forbearance under the CARES Act which includes deferments of payments, interest, fees and penalties for 180 to 360 days." *Id.*

Defendant Jason Clay, however, does not explain his failure "to plead or otherwise defend" in a timely manner. *See* Fed. R. Civ. P. 55(a). In addition, setting aside the Clerk's entry of default will prejudice Plaintiff's ability to obtain a judgment in this case in an expeditious manner. Finally, Defendant Jason Clay does not present a meritorious defense to the Complaint for Foreclosure, i.e., he does not contest that he has defaulted on the Note and Deed of Trust at issue in this foreclosure action. For the above reasons, the Court determines that

Defendant Jason Clay has failed to carry his burden of proving good cause to set aside the Clerk's entry of default. The Clerk's entry of default, therefore, remains in force.

## II. Whether Plaintiff is Entitled to Summary Judgment

In deciding whether Plaintiff is entitled to summary judgment, the Court will also consider Defendant Jason Clay's arguments based on the CARES Act.

### A. Standard of Review

Summary judgment is appropriate if the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). The Court views the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013).

### B. Undisputed Material Facts

There is no genuine issue of material fact with respect to the merits of the Complaint for Foreclosure. The material undisputed facts are as follows: On January 26, 2012, Borrowers executed a promissory Note in favor of Hometrust Mortgage Company (Hometrust) in the amount of $227,613.00 with a 4.125% annual interest rate. (Doc. 1-2) at 1-3. At the same time, Borrowers executed a Deed of Trust to secure the Note with real estate located at 8114 Pickard Ave. NE, Albuquerque, New Mexico (Property). (Doc. 1-3).

On November 21, 2014, the United States Department of Housing and Urban Development (HUD) terminated the Federal Housing Administration (FHA) insurance on

4

Borrowers' Deed of Trust, i.e., mortgage. (Doc. 15-1) at 5. On March 1, 2017, Borrowers executed a Loan Modification Agreement which adjusted the unpaid principal balance to $260,841.91 with a 2.000% annual interest rate. (Doc. 1-4).

Hometrust subsequently indorsed the Note to Wells Fargo Bank, N.A. (Wells Fargo). (Doc. 1-2) at 2. Wells Fargo then indorsed the Note to HUD. *Id.* at 3. Through an allonge, HUD indorsed the Note to Bayview Acquisitions, LLC. *Id.* at 4. Bayview Acquisitions, LLC., in turn, indorsed the Note to Bayview Loan Servicing, LLC. *Id.* Finally, Bayview Loan Servicing, LLC indorsed the Note in blank, which permitted a transfer of the Note to Plaintiff. *See id.* The Deed of Trust was ultimately assigned to Plaintiff. (Doc. 1-6) at 7. Plaintiff's counsel possessed the original Note and allonge as well as the Deed of Trust at the time Plaintiff filed this foreclosure lawsuit. *See* (Doc. 1-5) at ¶ 3.

The Deed of Trust provides that upon default in the payment of loan installments the Deed of Trust may be foreclosed. (Doc. 1-3) at 5, 8. It also provides for a one-month redemption period. *Id.* at 8. Borrowers have been in default on their loan obligations since April 1, 2017. (Doc. 11-1) at ¶ 7. The total amount owed to Plaintiff is $288,473.06, through December 2, 2019. *Id.* at 5. That amount consists of an unpaid principal balance of $260,486.75 plus accrued interest, accrued late charges, unpaid advances, unpaid loan charges, and estimated payoff charges from the servicer. *Id.* The interest rate continues to accrue at the rate of $14.73 per day from December 3, 2019, forward. *Id.*

Furthermore, any interest Defendant Mitchell may claim to the Property is related to a judgment recorded on April 28, 2017, in Bernalillo County, New Mexico. (Doc. 11-2).

*C. Legal Analysis*

*1. Whether CARES Act Prohibits Plaintiff from Finalizing Foreclosure*

Defendant Jason Clay argues that the CARES Act prohibits Plaintiff from finalizing the foreclosure at least until August 31, 2020. Presumably, Defendant Jason Clay is referring to a June 17, 2020, "Mortgagee Letter 2020-19" authored by HUD. *See* (Doc. 15-4). The purpose of the letter is to inform "borrowers with FHA-insured Single Family mortgages covered under the" CARES Act of foreclosure moratoriums through August 31, 2020. *Id.* at 1. HUD has now extended those foreclosure moratoriums through December 31, 2020. (Doc. 16-1).

As noted above, on November 21, 2014, HUD terminated the FHA insurance on Borrowers' Deed of Trust, or mortgage. (Doc. 15-1) at 5. Consequently, Borrowers do not have an "FHA-insured Single Family mortgage[]." The CARES Act moratorium on foreclosures, therefore, does not apply in this case as a matter of law.

*2. Whether CARES Act Provides Borrowers with a Forbearance Period*

Defendant Jason Clay also contends that he is entitled to an economic hardship forbearance under the CARES Act for 180 to 360 days. The Court assumes that Defendant Jason Clay is referring to 15 U.S.C. 9056(b)(1). Section 9056(b)(1) provides that "a borrower with a Federally backed mortgage loan experiencing a financial hardship due, directly or indirectly, to the COVID-19 emergency may request forbearance on the Federally backed mortgage loan…." Section 9056(b)(2) permits a forbearance of 180 days with a possible additional 180 days. Here, Borrowers' mortgage loan is no longer federally backed by FHA insurance. Hence, the CARES Act's provision for an economic hardship forbearance does not apply in this case as a matter of law.

*3. Whether Plaintiff has the Right to Foreclose as a Matter of Law*

A federal district court sitting in diversity applies "state law with the objective of obtaining the result that would be reached in state court." *Butt v. Bank of Am., N.A.*, 477 F.3d 1171, 1179 (10th Cir. 2007). Under New Mexico law, a cause of action "against the maker of a promissory note is established if the plaintiff proves that: (1) plaintiff is the holder of the note on which [the plaintiff] sues; (2) defendant signed the note; (3) the note became due and payable; and (4) defendant has not paid the amount due and owing." *MTGLQ Inv'rs, LP v. Wellington*, 2019 WL 4600196, at *7 (D.N.M.) (internal quotation marks and citation omitted).

An entity wishing to foreclose a mortgage must establish that at the time it filed the foreclosure action it had the right to enforce the note underlying the mortgage. *See Deutsche Bank Nat'l Trust Co. v. Johnston*, 2016-NMSC-013, at ¶ 23, 369 P.3d 1046 (noting that "New Mexico is hardly alone among the states in requiring a foreclosure plaintiff to prove that it was entitled to enforce the note when it filed suit"). One way to show the right to enforce a note is to attach a copy of the note bearing appropriate indorsements to the complaint. *See id.* (observing that mortgage holder can prove "it was entitled to enforce the underlying promissory note prior to the commencement of the foreclosure action by, for example, attaching a note containing an undated indorsement to the initial complaint").

In fact, Plaintiff attached a copy of the Note, including indorsements and the final indorsement in blank, to the Complaint for Foreclosure. Plaintiff also attached a copy of the Deed of Trust, including its chain of assignments ending with Plaintiff, to the Complaint for Foreclosure. Furthermore, Plaintiff's possession of the Note, indorsed in blank, at the commencement of the case is sufficient to establish that it is the holder of the Note and entitled to enforce it. *See Bank of N.Y. v. Romero*, 2014-NMSC-007, at ¶ 26, 320 P.3d 1 (holding that

"blank indorsement ... established the [b]ank as a holder because the [b]ank [was] in possession of bearer paper").

In addition, Borrowers do not dispute that they signed the Note. Plaintiff has also provided undisputed evidence that the Note become due and payable due to Borrowers' default on the Note and Deed of Trust beginning in April 2017. Finally, Plaintiff has provided undisputed evidence that Borrowers have not paid the amount due and owing.

Viewing the undisputed material evidence in the light most favorable to Borrowers and for the foregoing reasons, the Court concludes that Plaintiff is entitled, as a matter of law, to foreclose on the Note and Deed of Trust. Moreover, the foreclosure will consider the junior nature of Defendant Mitchell's judgment lien. Accordingly, the Court will grant the Motion for Default Judgment.

IT IS ORDERED that

1. Plaintiff's Motion for Default Judgment Against All Defendant to Pursue Foreclosure (Doc. 11) is granted;

2. a separate Judgment and Order of Foreclosure will be entered; and

3. the Motion to Dismiss Action (Doc. 12), construed as a response to the Motion for Default Judgment, is denied.

_____
UNITED STATES DISTRICT JUDGE