IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILMINGTON SAVINGS FUND
SOCIETY, FSB, D/B/A CHRISTIANA
TRUST AS OWNER TRUSTEE OF THE
RESIDENTIAL CREDIT
OPPORTUNITIES TRUST V,

                                                              Civ. No. 20-217 KG-LF

     Plaintiff,

v.

REBECCA D. CLAY, JASON C. CLAY, and
SARAH MITCHELL,

     Defendants.


JUDGMENT AND ORDER OF FORECLOSURE

THIS MATTER comes before the Court with respect to the request to foreclose on the real estate involved in this litigation and referenced in Plaintiff's Motion for Default Judgment Against All Defendants to Pursue Foreclosure ("Foreclosure Motion"), filed July 31, 2020. (Doc. 11). The Court already has entered a separate Memorandum Opinion and Order granting the Foreclosure Motion but enters this Judgment and Order of Foreclosure to foreclose on any interests of the Defendants in the real estate involved in this litigation and to authorize a foreclosure auction for the real estate involved in this litigation. To facilitate foreclosure on the real estate involved in this litigation, the Court ORDERS as follows:

     1.     No deficiency judgment is sought in this matter.

     2.     Plaintiff is granted an *In Rem* Judgment in the amount described below against the real estate described as:

> LOT NUMBERED SEVEN (7) IN BLOCK NUMBERED SIX (6) OF SIERRA
> AZUL SUBSIVISION, A SUBIVISION TO THE CITY OF ALBUQUERQUE,
> NEW MEXICO, AS THE SAME IS SHOWN AND DESIGNATED ON THE

PLAT OF SAID SUBDIVISION FILED IN THE OFFICE OF THE COUNTY CLERK OF BERNALILLO COUNTY, NEW MEXICO, ON APRIL 3, 1961.

APN #: 101906045935210819,

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes.  The real property that is the subject matter of this foreclosure action (the "described property") is more commonly known as 8114 Pickard Avenue NE, Albuquerque, New Mexico 87110.

3. Defendants Rebecca D. Clay and Jason C. Clay have failed to make payments due under the Note and Deed of Trust attached to the Complaint for Foreclosure ("Complaint"), filed in this matter on March 10, 2020. (Doc. 1). The terms of the Note and Deed of Trust entitle Plaintiff to foreclose the Deed of Trust and to have the described property sold in order to collect the principal and interest due and, that total sum is declared to be a lien upon the real estate described above.

4. As more particularly described below, the total judgment amount in favor of the Plaintiff is $288,473.06, plus an additional $14.73 per day in interest from the date of December 3, 2019, forward.

5. The judgment amount is the principal balance of $260,486.75, plus interest accruing on the principal balance at the rate of 2.0000% per annum through and including December 2, 2019, in the amount of $14,341.24 and, thereafter, accruing at the rate of $14.73 per day, plus late charges and payoff charges of $246.40, plus corporate advances and negative escrow balances in the amount of $13,398.67.

6. Plaintiff's Deed of Trust on the described property is foreclosed and all the described property is ordered sold in accordance with the laws, rules and practices of this Court

to the highest bidder, for cash.  Such sale shall be as soon as the Special Master can arrange for and publish the sale.

      7.      David Washburn is hereby appointed as Special Master to conduct such sale.  As needed, the special master may appoint an alternative designee to fulfill his obligations as special master without further order of the Court in which case the designee assumes all the special master's responsibilities.

      8.      The proceeds of this sale shall be applied in the following amounts and in the following priorities:

    a. Cost and expenses of the special master and other foreclosure fees.

    b. Amounts paid by Plaintiff for title commitments, expenses, costs of this action and any tax, assessments, or costs which are or may be due under the terms of the Note and Deed of Trust attached to the Complaint.

    c. The amount due to Plaintiff for the principal and interest due on the Note and Deed of Trust attached to the Complaint, plus interest on the total amount of Plaintiff's Judgment from the date hereof until paid.

    d. The amount due to Defendant Sarah Mitchell who may claim an interest in the described property by way of a judgment lien according to her interest in it and respective priority.

    e. After paying all of the above, should there be any money from the judicial sale left over, it shall be paid to Defendants Rebecca D. Clay and Jason C. Clay, the former owners of the Property, according to their interests in it.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, should the proceeds of the judicial sale of the described property be insufficient to pay the full amount of the debt to

Plaintiff and the costs of judicial sale, Plaintiff agrees to waive any deficiency judgment against Defendants Rebecca D. Clay and Jason C. Clay.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there are no valid liens or encumbrances on the described property prior to Plaintiff's lien and that Defendants Rebecca D. Clay and Jason C. Clay are adjudged not to have any other rights or interests in the described property, and any rights that they have are hereby foreclosed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Sarah Mitchell's interest in the property is foreclosed as junior to Plaintiff's lien arising from the Deed of Trust.  Defendant Sarah Mitchell may claim an interest in the described property by way of a Judgment, recorded on April 28, 2017, as Instrument Number 2017039734 of the Official Records in Bernalillo County, New Mexico in relation to the court proceeding T-4-CV-2016-014355.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any interest claimed by any party in the Property that arose subsequent to the recorded notice of *lis pendens* related to this lawsuit is invalid pursuant to NMSA 1978, § 38-1-14 (1988 Repl. Pamp.).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Rebecca D. Clay and Jason C. Clay shall relinquish possession of the described property on or before fourteen (14) days from the date of this Judgment and Order of Foreclosure unless Plaintiff agrees.  Plaintiff shall be entitled to an order directing an appropriate law enforcement official to remove any and all occupants from the described property and putting Plaintiff in possession until the foreclosure sale.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Special Master will execute and deliver to the purchaser or purchasers of the described property a good and sufficient special master's deed or sale receipt when the special master's report is approved by this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the purchaser of the described property be let into possession of the same on production of the special master's deed or sale receipt.

THEREFORE, this purchaser shall hold the described property free and clear of all right, title and interest of Defendants, as well as all persons claiming under them subsequent to the execution of the involved Note and Deed of Trust at issue in this foreclosure action.  Defendants are hereby and forever barred and foreclosed from having or claiming any right, title or interest in the described property adverse to the purchaser, therefore, except only the right of redemption allowed by the law.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if personal property remains on the described property after entry of the order approving sale in this matter that the personal property is deemed abandoned and the purchaser may dispose of the personal property in any manner pursuant to applicable law.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff may bid at such sale or may become said purchaser of the described property foreclosed herein and that Plaintiff may bid the full or partial amount of its Judgment as a credit bid at the foreclosure sale for the described property in lieu of bidding cash.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the period of redemption shall be one (1) month.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff has the right to file transcripts of judgment in the property records and other necessary filings in the property records to effectuate this Judgment and Order of Foreclosure and to effectuate transfer of the

property.

_____
UNITED STATES DISTRICT JUDGE